# CURRENT OHIO COURT of APPEALS CASES
## Weekly Advance Abstract Opinions

## EPITOMIZED OPINIONS
### Published only in the Abstract

### No. 59
### MATUSOFF v. MUCKENHEITER

Ohio Appeals, 2nd Dist., Montgomery Co.

No. 730.    Decided Dec. 16, 1926

807.    MUTUAL MISTAKE—It is incumbent upon plaintiff to prove by clear and convincing evidence that a mutual mistake existed in regards to the description of certain lots contained in deeds and records of the Probate Court.

BY THE COURT.

This action was brought in the Montgomery Common Pleas to reform and correct certain deeds of conveyance as well as the records of the Probate Court upon which the deeds were based. The property consisting of two adjoining half lots, was owned by one Schulze, who, for his convenience, erected a fence so as to give his own residence eight or ten extra feet. This fence was in existence at the time Schulze's administrator sold the property. There was no reference in the deeds to the fence and the property was described as one-half of the platted lots referred to in the plattings.

It was contended by Morris Matusoff that there was a mutual mistake of all the parties to said deeds, that the intention was to convey to him (Matusoff) the south half of lot 5271 up to the fence and the conveyance to Eva Muckenheiter was intended to be only to the portion of the north half of lot 5272. The Court of Appeals held:

1. It was upon plaintiff to prove by clear and convincing evidence that said mutual mistake existed.

2. It is not sufficient to prove merely that there was a mistake on the part of the plaintiff; but it must also be proven that there was a mistake upon part of the defendant.

3. Mrs. Muckenheiter denies that there was any intention on her part to purchase only to the fence; and testified that she had an abstractor look up the title and that he had advised her that she was purchasing the half lot so included in her deed, and that upon faith of the deed and the record she purchased said property.

4. The plaintiff has not made out a sufficient case under the law, and he must therefore fail in obtaining an order for the correction of said deeds.

Decree for defendant.

(Allread, Ferneding & Kinkle, JJ., concur.)

Attorneys—I. L. Jacobson for Matusoff; Frank W. Krehbiel for Muckenheiter; all of Dayton.

### No. 60
### NASH-WOODLAND MOTOR CO. v. LUSK

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 7378.    Decided Jan. 17, 1927

Judges Mauck, Sayre & Middleton, 4th Dist., sitting.

355.    DAMAGES—In an endeavor to recover damages without pleading same, it is required that such damages must naturally and necessarily follow the injury and the act described in the pleading.

923.    PLEADINGS—Charge upon the question of impairment of ability to earn wages where no damage of that kind was pleaded and no evidence adduced in support of that claim, constitutes error.

MIDDLETON, J.

Charles Lusk recovered a judgment against the Nash Woodland Motor Sales Co. in the Cuyahoga common Pleas in the sum of $5000 as damages for certain personal injuries claimed to have resulted from a collision of an automobile driven by him and one owned and operated by the company.

Error was prosecuted to reverse this judgment on the ground that the verdict was excessive and that error existed in the charge of the court as to the measure of damages. The Court of Appeals held:

1. The evidence relied on to impeach the verdict on the ground of its being excessive, merely goes to the probative value of the evidence adduced by Lusk in respect to the character and extent of the injuries claimed to have been sustained.

2. It is insisted that a part of the court's charge referring to impaired ability to earn wages was erroneous for the reason that no damage of that kind was pleaded in the petition and no evidence was adduced in support of such claim.

3. This part of the charge injected into the case a question not made by the pleadings or the evidence and the jury, after having had its attention directed to it, may have considered that the injuries disclosed by the evidence were sufficient to affect Lusk's ability to earn wages in the future, and made allowance therefor.

4. The rule permitting a recovery of damages without pleading same, requires that such damages not only naturally but necessarily must follow the injury and the act described in the pleading.  14 OA. 389.

5. No injuries were described in the petition in the instant case from which it may be conclusively presumed or implied that impairability to earn a living would necessarily result.

6. Therefore if Lusk expected to recover for such disability, he should have pleaded it; and the instruction in this particular was not proper under the pleadings or the evidence.

Judgment reversed and cause remanded.

(Mauck, PJ., and Sayre, J., concur.)

Attorneys—Davis, Young & Vrooman for Company; Stephen M. Young for Lusk; all of Cleveland.